GIROD
*v.*
CROSSMAN.

HEIRS OF LEJEUNE *v.* R. R. BARROW.—WRIGHT et al. cited in Warranty.

However informal the act of a family meeting may be, parties to it, who are *sui juris* at the time, as well as their assignees, are bound by their declaration therein, and estopped to deny the title of a person in whom the act declared it to exist.

Continuous and unequivocal possession for ten years, under title, is necessary to prescription.

To entitle plaintiff to payment for fruits and revenues accruing before the institution of a suit, it must be shown that defendant possessed in bad faith.

As to value of improvements, the judgment of the District Judge will not be disturbed unless there be manifest error.

Where the vendee calls his vendor in warranty, and there is a decree against the plaintiff in the action for improvements put upon the land, the distribution of the amount awarded must be made between the vendee and the warrantor, according to the estimated value of the improvements made by each.

APPEAL from the District Court of Terrebonne, *Cole,* J. *Bush, Gentile* and *Malliot & Mills,* for plaintiffs. *J. C. & A. Beatty* and *Mercer,* for defendant.

SPOFFORD, J. The plaintiff brought a petitory action against the defendant, *Barrow,* and recovered judgment for a tract of 320 22-100 superficial arpents, situated upon the Bayou Terrebonne, in the parish of Terrebonne.

*Barrow* cited his vendor, *Wright,* and divers other parties were successively called in warranty.

The defendant and the warrantors, who have appealed, complain of the judgment on the main question of title, and allege certain errors therein as to the question of improvements.

The plaintiffs also ask an amendment in their favor upon the subject of improvements, fruits and revenues.

The very minute and searching examination which the facts in the history of an ancient and obscure title have received from the District Judge renders it

unnecessary for us to do more than express the conclusions to which we have come upon this branch of the case.

We are of opinion then that the particular tract for which the plaintiffs have obtained judgment was included in that larger tract which, by the act passed before *Guyol*, Parish Judge, on the 16th June, 1823, (styled proceedings of a family meeting) was declared to be vested in full property and possession in *Alexis Lejeune* and his heirs or assigns forever.

We are of opinion that however informal this act may have been, as the act of a family meeting, the parties thereto, who were *sui juris* at the time, are bound by their declarations therein, and especially that *Henry S. Thibodaux*, and all those who claim under him (including the defendant) are estopped to deny that, on the execution of that act, *Alexis Lejeune* was the owner of the land in dispute.

We are of opinion that the title of *Alexis Lejeune* to the land in question, as acknowledged and recognized by the members of the so-called family meeting, was not divested or impaired by the authentic act of sale from *Marie Rose Lejeune* (*widow Minon*) and her son *Pierre Minon* to *Henry S. Thibodaux*, and their confirmation to *Alexis Lejeune* in the same act, passed before *Leufroy Barras*, Parish Judge, on the 19th day of December, 1820.

We are of opinion that the defendant has not established a title by prescription, no continuous and unequivocal possession for the term of ten years under title having been shown.

The judgment as to title is therefore correct.

In their answer to the appeal, the plaintiffs have prayed that the defendant be condemned to pay for fruits and revenues from the year 1845, when he took possession, and not merely from the date when the suit was instituted, as allowed by the District Judges.

The amendment cannot be granted, because it is not established that *Barrow* was a possessor in bad faith.

As to the value of the improvements made by the defendants respectively, and the rate of allowance for rents, the District Judge had better means of arriving at a correct estimate than we have, and although this part of the judgment has been somewhat complained of, no such manifest error has been pointed out as to require our interference.

One question alone remains, that is as to the rule of distribution between the defendant, *Barrow*, and his warrantor, *Wright*, of the compensation allowed for improvements.

The Judge apportioned the money which the plaintiffs were condemned to pay for the useful improvements put on their land by the adverse possessors ratably between *Barrow* and *Wright*, according to the estimated value of the improvements made by each.

This seems to be equitable, and we have been referred to no authority which sanctions a different doctrine.

*Wright* has to refund to his vendee, *Barrow*, the price which the latter paid him for the land as improved by the former. The improvements then existing enhanced this price in proportion to their value. If, on the eviction of his vendee, *Wright* has to restore the whole price, and to receive nothing in return for his improvements, whilst *Barrow* recovers of the plaintiff the value not only of his own improvements, but of those made by his vendor, it is obvious that *Barrow* would be twice paid for the same thing.

It is, therefore, ordered and decreed, that the judgment appealed from be affirmed, the costs of the appeal to be paid in equal proportions by the several appellants.